UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAE M.,[1]<br>    Plaintiff<br>v.<br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br>    Defendant. | Case No. 5:22-cv-01350-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    PROCEDURAL HISTORY

Plaintiff Dontae M. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 3 and 13] and briefs [Dkt. 19 ("Pl. Br.") and 24 ("Def. Br.")] addressing disputed issues in the case. The matter is now ready for decision. For the reasons set forth below, the Court finds that this matter should be remanded.

---

[1]    In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for DIB and SSI on May 1, 2020, alleging disability beginning September 30, 2019. [Dkt. 16, Administrative Record ("AR") 26, 220-36.] Plaintiff's applications were denied at the initial level of review and on reconsideration. [AR 26, 127-31, 135-40.] A telephone hearing was held before Administrative Law Judge Jessica Marie Johnson ("the ALJ") on August 12, 2021. [AR 26, 47-67.]

On September 28, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 26-42]; *see* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, September 30, 2019. [AR 28.] At step two, the ALJ determined that Plaintiff has the following severe impairments: calreticulin (CALR) mutation positive essential thrombocythemia; lumbar degenerative disc disease; and cervical degenerative disc disease. [AR 28.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 29-31]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except that Plaintiff could never climb ladders, ropes or scaffolds, occasionally climb ramps and stairs, occasionally balance, stoop, crouch, kneel and crawl, occasionally reach overhead, frequently reach in all directions, occasionally tolerate exposure to weather (outside atmospheric conditions), occasionally tolerate extreme non-weather related cold temperatures, never tolerate exposure to dangerous machinery with moving mechanical parts, and never tolerate exposure to unprotected heights. [AR 32.] At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. [AR 40.] At step five, the ALJ found that Plaintiff could perform other work

that exists in significant numbers in the national economy, including the representative occupations of router clerk, office helper, and order caller. [AR 41-42.] Based on these findings, the ALJ concluded that Plaintiff has not been under a disability since the alleged onset date of September 30, 2019, through the date of the decision, September 28, 2021. [AR 42.]

The Appeals Council denied review of the ALJ's decision on June 7, 2022. [AR 1-6.] This action followed.

Plaintiff contends that the ALJ failed to properly assess his subjective symptom testimony. [Pl. Br. at 2-6.]

The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Def. Br. at 3-7.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is susceptible to more than one rational interpretation.'" *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). However, the Court may review only the reasons stated by the ALJ in the

decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or that, despite the error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.   DISCUSSION

Plaintiff contends the ALJ failed to properly consider his subjective symptom testimony. [Pl. Br. at 2-6.] Specifically, Plaintiff alleges that "the ALJ failed to make findings of fact sufficient to permit meaningful judicial review with respect to Plaintiff's [complaints of] tingling, numbness and burning in the legs." [Pl. Br. at 4.]

In evaluating a claimant's subjective symptom testimony, an ALJ must engage in a two-step analysis. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); 20 C.F.R. § 416.929. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, which "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first step and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036; (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ must specifically identify the symptom testimony that is being rejected and the "facts in the record [that] lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also* Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304, *4 (S.S.A. Oct. 25, 2017) (explaining that the ALJ must "evaluate the

intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit [his] ... ability to perform work-related activities ...."). At the same time, the "ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted).

Plaintiff asserts that he is disabled due to a number of physical impairments and symptoms, including essential thrombocythemia, headaches, chest pain, dizziness, vision changes, weakness, swelling in his legs and feet, amputated toes, insomnia, and numbness in his legs, toes, hands and fingers. [AR 60. 280.] Plaintiff also alleges that he uses a cane, elevates his legs about 50 percent of the time, and is able to stand for a few minutes but is unable to squat. [AR 54, 60, 62.]

The ALJ discounted Plaintiff's testimony regarding his lower extremity symptomatology and other impairments based on a lack of supporting, objective medical evidence. [AR 33 ("the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record"), 35 ("the medical evidence of record does not support functional limitations to the extent alleged by the claimant"), 37 ("The claimant's statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent with the overall record. The objective findings related to the claimant's impairments demonstrate that the claimant's symptoms are not as severe as alleged."), 38 (the claimant's "allegations are not entirely consistent with the medical evidence of record").] The ALJ repeatedly noted that medical records showed "normal" findings on examination, "normal and upright gait," "normal range of motion," and "normal findings … in the musculoskeletal and neurological domains." [AR 33-38.] While objective medical evidence is a useful factor to consider in evaluating the intensity and persistence of symptoms, the lack of corroborating medical evidence cannot provide the sole basis

for rejecting subjective symptom testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) ("an ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence'" (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)); *see also* SSR 16-3p, 2017 WL 5180304 at *5 ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled.").

     Defendant cites several additional findings the ALJ purportedly made in rejecting Plaintiff's testimony: Plaintiff's conditions were managed with Norco, Xarelto and other medications until his toe was amputated in May 2019; Plaintiff reported performing "heavy lifting" to help his sister move; and Plaintiff was noncompliant with his medication regimen but continued to have normal findings on examination. [Def. Br. at 5; AR 34-36.] Although the ALJ mentioned these findings in the discussion of the medical evidence, she did not cite them as reasons for discounting Plaintiff's testimony. Thus, the ALJ's analysis falls short of specifically identifying what testimony she was rejecting and what evidence undermines Plaintiff's testimony. *See Brown-Hunter*, 806 F.3d at 494 (adverse credibility determination is insufficient when the ALJ "simply state[s] her non-credibility conclusion and then summarize[s] the medical evidence supporting her RFC determination"); *see also Orn*, 495 F.3d at 630 (The ALJ's decision may not be affirmed "on a ground upon which [s]he did not rely.").

     Moreover, the reasons cited by the Defendant do not constitute substantial evidence supporting the ALJ's finding that Plaintiff's symptoms were not as severe as alleged. While Plaintiff's symptoms were managed with medications prior to his toe amputation in May 2019, Plaintiff's alleged onset date was September 30, 2019, four months after his toe amputation. [AR 26, 33.] Further, Plaintiff's course of treatment could not be described as conservative, as it included narcotic medication (Norco) and eventually amputation. *See, e.g., Kager v. Astrue*, 256 F. App'x 919,

6

923 (9th Cir. 2007) (ALJ erred in finding that the claimant had not had significant pain therapy consistent with her alleged limitations, as the claimant's treatment included "narcotic analgesics"); *Bucknell v. Berryhill*, No. ED CV 18-0261 AS, 2018 WL 6198459, at *4 (C.D. Cal. Nov. 27, 2018) (finding ALJ erroneously concluded that the plaintiff's care was conservative where the plaintiff was prescribed Norco and Ativan, in addition to other medication). Plaintiff's admission that he performed heavy lifting during his sister's move also fails to support the ALJ's rejection of his testimony, as his sister moved in May 2019, more than four months before Plaintiff's alleged onset date. [AR 34, 406.] In addition, it is apparent that Plaintiff could not tolerate heavy lifting, as he went to the emergency room with complaints of severe upper back pain two days after the move and was treated with Norco and Robaxin. [AR 406-12.] Finally, Plaintiff's occasional failure to take prescribed medications does not support dismissal of his testimony. *See Orn*, 495 F.3d at 638 (finding that failure to follow prescribed treatment is not equally probative of credibility in all cases). "In the case of a complaint of pain, such failure may be probative of credibility, because a person's normal reaction is to seek relief from pain, and because modern medicine is often successful in providing some relief. But in the case of impairments where the stimulus to seek relief is less pronounced, and where medical treatment is very unlikely to be successful, the approach to credibility makes little sense." *Id.* Here, unlike the failure to take a pill to relieve pain, Plaintiff's occasional failure to fill new prescriptions and take medications to treat essential thrombocythemia and excess platelets does not provide a clear and convincing reason to discount his testimony. [AR 36-37, 475, 527, 648, 662]; *Orn*, 495 F.3d at 638.

Defendant further argues that Plaintiff has not shown that any error in rejecting Plaintiff's testimony regarding his leg impairments would have resulted in a more restrictive RFC. [Def. Br. at 4.] The Court disagrees. By improperly rejecting Plaintiff's testimony, the ALJ failed to address Plaintiff's reported

limitations in the use of his legs (*e.g.*, use of cane for ambulation, need to elevate his legs, and limited ability to stand) in the assessment of Plaintiff's RFC. As such, the ALJ's error was not harmless. *See Brown-Hunter*, 806 F.3d at 492; *Robbins*, 466 F.3d at 885 (an error is harmless if it is "clear from the record that an ALJ's error 'was inconsequential to the ultimate nondisability determination'") (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## V. REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo*, 871 F.3d at 682. It may be appropriate to direct an immediate award of benefits when the record has been fully developed, no useful purpose would be served by further proceedings, and the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014)). But when there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1021; *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

In this case, there are outstanding issues that must be resolved before a proper disability determination can be made. While the ALJ failed to adequately address Plaintiff's subjective symptom testimony, the ALJ made numerous, detailed findings based on the objective medical evidence that raise questions about Plaintiff's level of functioning. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1104 (9th Cir. 2014) (finding that the record was "uncertain and ambiguous" and remand was warranted where there were "significant factual conflicts in the record between [the plaintiff's] testimony and objective medical

8

evidence"). Therefore, the Court remands this case for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether there are any issues outstanding, as 'this reverses the required order of analysis.'") (quoting *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015)); *see also Treichler*, 775 F.3d at 1106 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.").

## VI. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED: July 07, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE